UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINA M. DUPLESSIS | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| METLIFE AUTO & HOME | * | |
| | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan"), incorrectly named as MetLife Auto & Home, hereby removes to this Court the state court action described below:

1.    On November 23, 2009, Trina M. Duplessis filed this action, seeking recovery of damages incurred as a result of Metropolitan's alleged failure to pay fully her claim for damages to her property caused by Hurricane Katrina and Hurricane Rita, which damages plaintiff alleges were covered under her Metropolitan homeowners insurance policy.

2.    The Petition names Metropolitan, a foreign non-Louisiana insurer, as the sole Defendant.

3.    This action was filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled *Trina M. Duplessis v. Metlife Auto & Home*, No. 115-104.

150240

4.    The gravamen of the Petition is the allegation that Metropolitan failed to properly compensate plaintiff for her alleged damages as a result of Hurricanes Katrina and Rita, and that Metropolitan's conduct was allegedly arbitrary and capricious, entitling plaintiff to bad faith damages under the Louisiana bad faith statutes, La. R.S. 22:658 and 22:1220 (now La. R.S. 22:1892 and 22:1973, respectively).  Petition ¶¶ 5, 9, 22, 25.

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all parties; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.    Metropolitan has attached all pleadings filed in the record of the state court proceeding as of the date of this filing.  *See* Exhibit A.  Plaintiff served Metropolitan with process for the original petition on December 8, 2009.  Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

## The Parties are Completely Diverse.

7.    Metropolitan is a foreign insurer incorporated under the laws of Rhode Island, having its principal place of business in Rhode Island.  *See* Exhibit B.

8.    Plaintiff alleges that she is a domiciliary of the Parish of St. Bernard, Louisiana. Petition at Introduction.

## The Amount In Controversy Exceeds $75,000.

9.    As required by Louisiana law, the Petition is silent as to the amount in controversy.  Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003).  The removing party, here Metropolitan, can meet this burden by demonstrating that it is facially apparent from the Petition

2

150240

that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

10.     Here, it is apparent that the amount in controversy exceeds $75,000. Plaintiff alleges that Hurricanes Katrina and Rita "severely damaged" her property as a result of wind and rain damage. Petition ¶ 5. As a result, plaintiff alleges that the property suffered the following damage "(a) A large portion of the roof was badly damaged; (b) Some of the felt and sheathing on the roof were badly damages and/or blown away; (c) Some turbine roof vents were blown away; (d) Several windows were blown out; and (e) Numerous storm-related penetrations through the structure's otherwise waterproof 'skin' allowed wind-drive rain to saturate the insulation, drywall, and paint finishes of the interior of the dwelling, together with its contents." Petition ¶ 7. Plaintiff's Metropolitan homeowners policy provides for limits of $123,300 for damage to her dwelling, limits of $24,660 for damage to her other structures, and limits of $86,310 for damage to her personal property. *See* Exhibit C. These policy limits are properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met). This is especially true here where plaintiff has specifically alleged in the Petition that she is entitled to those policy limits under Louisiana law. *See* Petition ¶ 17. Metropolitan has made payments totaling $6,842.52 under the dwelling coverage of plaintiff's homeowners policy. If these payments are offset against the policy limits plaintiff seeks, the Petition states a claim for $116,457.48 under the dwelling coverage of the policy alone. This does not even take into

150240

account plaintiff's other contractual claims for contents, other structures, and additional living expenses. Petition ¶¶ 7, 29.

11.    In addition to the contractual amounts claimed, plaintiff attempts to state a claim under Louisiana's bad faith statutes, citing La. R.S. 22:658 and 22:1220 (now La. R.S. 22:1892 and 22:1973, respectively).    Petition ¶¶ 22, 25.    In connection with this claim, plaintiff seeks recovery of 50% of the amount allegedly due under the policy, attorneys' fees, and general damages, including "Embarrassment, Humiliation, Inconvenience, Hedonic Damages, Intellectual Gratification."    Petition ¶¶ 22, 29, Prayer for Relief.    While Metropolitan denies it acted in bad faith, such general damages, attorneys' fees and penalties are properly included in determining the jurisdictional amount. *See Albarado*, 1991 WL 165733, at *1 (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law).    These potential penalties and fees simply swell the amount in controversy and clearly establish that the amount in controversy requirement is met. *See, e.g., Shepard v. State Farm Mut. Auto. Ins. Co.*, 545 So. 2d 624, 631 (La. App. 4 Cir. 1989) ($80,000 in attorneys' fees awarded pursuant to La. Rev. Stat. 22:658); *Fuqua v. Aetna Cas. & Sur. Co.*, 542 So. 2d 1129, 1134 (La. App. 3 Cir. 1989) (same, awarding $100,000 in attorneys' fees).

12.    Finally, the Petition does not contain any allegation that the damages sought are insufficient to satisfy the requirements for federal jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1).    The lack of such an allegation may operate as a concession that the jurisdictional minimum is met. *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. 2006) ("By failing to allege that their damages were insufficient to satisfy the federal

150240

jurisdictional minimum, plaintiffs have, in effect, conceded by their state court pleadings that the requisite jurisdictional amount *is* in controversy."); *Chambers Med. Found. v. Chambers*, No. 05-786, 2006 WL 1895479, at *2 n.3 (W.D. La. 2006) (observing that in failing to allege that its damages did not exceed $75,000, "plaintiff has, in effect, conceded in its state court pleadings that the requisite jurisdictional amount is in controversy.").

13.     Accordingly, the amount in controversy exceeds $75,000.00 for diversity jurisdiction.

**WHEREFORE,** Metropolitan Property and Casualty Insurance Company respectfully request that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted:

/s/ Jonathan R. Bourg
H. Minor Pipes, III, 24603
Jonathan R. Bourg, 31058
                Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone (504) 589-9700
Facsimile (504) 589-9701
mpipes@barrassousdin.com
jbourg@barrassousdin.com

*Attorneys for Metropolitan Property and Casualty Insurance Company*

150240

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon the plaintiff's counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 7th day of January, 2010.

/s/ Jonathan R. Bourg

150240